WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fred G. Earle, husband; and Mary C. Earle, wife,<br><br>Plaintiffs,<br><br>v.<br><br>Bank of America, NA; Mortgage Electronic Registration Systems, Incorporated; First American Title Company; ReconTrust Company, NA; Government National Mortgage Association aka Ginnie Mae; Ginnie Mae II Pool G2 2010 Trust, et al.,<br><br>Defendants. | No. CV-13-01304-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants Bank of America, N.A.; Mortgage Electronic Registration System; ReconTrust Company, N.A.; and Ginnie Mae's (collectively "Defendants") Motion to Dismiss. (Doc. 19.) For the following reasons, the Motion is granted.

**BACKGROUND**

This case arises from a loan secured by Plaintiffs from Defendant Bank of America, N.A., to purchase real property in Yuma, Arizona (the "Property"). (Doc. 1-1 (Compl.) ¶ 11.) Plaintiffs evidenced the Loan by executing a promissory note ("Note") and secured the loan with a Deed of Trust ("Deed"). (Compl. ¶ 12.) The Deed names Defendant Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary and Defendant ReconTrust Company, N.A., as the trustee. (Doc. 19, Ex. D.) Plaintiffs defaulted on the loan. (Compl. ¶ 82.) On August 28, 2012, MERS recorded an

assignment of the Deed to Defendant Bank of America, N.A. (Doc. 19, Ex. E.) On April 9, 2013, Defendant ReconTrust recorded a Notice of Trustee Sale, setting a sale date of July 15, 2013. (*Id.*, Ex. F.) The sale has not yet occurred.

On February 21, 2013, Plaintiffs filed the present action in Yuma County Superior Court. (Doc. 1-1.) Their Complaint alleges ten counts: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) slander of title; (7) declaratory relief; (8) violations of the Truth in Lending Act (TILA); (9) violations of the Real Estate Settlement Procedure Act (RESPA); and (10) rescission under TILA. (*Id*.) Plaintiffs seek a declaratory judgment, injunctive relief, equitable relief, and damages. (*Id.*) One June 28, 2013, Defendants removed the action to this Court. (Doc. 1.) Defendants now move to dismiss Plaintiffs' Complaint on the grounds that they fail to state any claim upon which relief may be granted. (Doc. 19.)

## DISCUSSION

**I.    Legal Standard**

Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*,

550 U.S. at 555. Accordingly, a plaintiff must do more than employ "labels," "conclusions," or a "formulaic recitation of the elements of a cause of action." *Id*.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Application

Defendants move to dismiss all of Plaintiffs' claims on the grounds that each fails to state a claim upon which relief may be granted.

### A. Lack of Standing (Claim One)

Plaintiffs first argue that Defendants lack standing to foreclose on the Property because they are not "holders" of the Note. Trustee's sales in Arizona are governed by Arizona law. Ariz. Rev. Stat. §§ 33-801 to -821. Pursuant to statute, "[b]y virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust dead." Ariz. Rev. Stat. § 33-807(A). Here, Plaintiffs offer no valid arguments or authority to suggest that, despite this statute, trustee ReconTrust nonetheless lacks authority to foreclose the Property following Plaintiffs' default or to suggest that any additional "standing" requirements apply. Plaintiffs' claim that Defendants lack standing to foreclose on the Property is dismissed.

### B. Fraud (Claims Two and Three)

Next, Plaintiffs assert both fraud in the concealment and fraud in the inducement. In their first fraud claim, Plaintiffs suggest that Defendants "concealed the fact that the

1 Loans were securitized as well as the terms of the Securitization Agreements" and
2 suggest that Plaintiffs would not have entered into the Loans "had the truth been
3 disclosed." (Compl. ¶¶ 60, 61.) In their second fraud claim, Plaintiffs assert that
4 "Defendants . . . intentionally misrepresented to Plaintiffs those Defendants were entitled
5 to exercise the power of sale provision contained in the Deed of Trust." (*Id.* ¶ 68.)

Federal Rule of Civil Procedure 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). *See, e.g.*, *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("We have interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.") Here, Plaintiffs do not offer any such details. For example, Plaintiffs fail to plead which Defendants were involved in the alleged fraud, how any statements made by any Defendants were false, why Plaintiffs relied on these statements, why any such reliance was reasonable, or how any reliance damaged them. Plaintiffs fraud claims are both dismissed.

### C. Intentional Infliction of Emotional Distress (Claim Four)

Plaintiffs further allege that Defendants' "fraudulently attempting to foreclose on a property in which they have no right, title or interest" was "undertaken with the specific intent of inflicting emotional distress on the Plaintiffs" and that it has caused such distress to Plaintiffs. (Compl. ¶¶ 74–84.) To state a claim for intentional infliction of emotional distress Plaintiffs must allege three elements: "*first,* the conduct by the defendant must be 'extreme' and 'outrageous'; *second,* the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 153 Ariz. 38, 734 P.2d 580, 585 (Ariz. 1987) (emphasis in original). Plaintiffs' Complaint does not allege plausible facts to establish any of these elements.

Plaintiffs have asserted no basis on which to assert that Defendants have no right,

- 4 -

title or interest in the Property. They conclude that Defendants attempted to foreclose the Property in order to intentionally inflict emotional distress "such that Plaintiffs would be so emotionally distressed and debilitated that they would be unable to exercise legal rights in the Property" (Compl. ¶ 79), but they plead no facts to suggest such a plan existed. Plaintiffs do not contest that they are in default on the loan and thus it is not clear how foreclosure constitutes "extreme" or "outrageous" conduct in this case. Further, Plaintiffs state they have experienced distress due to the threat of losing the Property. Plaintiffs also do not explain how the distress caused by the threat of losing the Property was caused by any improper conduct by any of the Defendants as opposed to by Plaintiffs' own conduct. Plaintiffs fail to state a claim for Intentional Infliction of Emotional Distress, and therefore this claim is also dismissed.

### D.   Slander of Title (Claim Five)

Plaintiffs next allege that Defendants "disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording" of documents including "the Notice of Default, Notice of Trustee's Sale, and Trustee's Deed." (Compl. ¶ 86.) Arizona law creates liability for a person who knowingly causes a false or forged document to be recorded that purports to "claim an interest in, or a lien or encumbrance against, real property." Ariz. Rev. Stat. § 33-420(a). Here, Plaintiffs do not allege that the listed documents contained any false statements, aside from reasserting, without any plausible facts, that "Defendants had no right, title, or interest in the Property" (Compl. ¶ 87) despite Plaintiffs' default. Plaintiffs' Slander of Title Claim is dismissed.

### E.   Quiet Title (Claim Six)

Plaintiffs seek to quiet title to the Property. (Compl. ¶¶ 93–95.) Under Arizona law, title cannot be quieted unless Plaintiffs pay off the full amount of the mortgage. *Bean v. BAC Home Loans Servicing, L.P.*, 11–CV–553–PHX–GMS, 2012 WL 10349, at *5 (D. Ariz. Jan. 3, 2012) (citing *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) ("[I]f it appears there is an unsatisfied balance due a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays

off such mortgage lien.")); *Eason v. Indymac Bank*, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) ("[Q]uiet title is not a remedy available to the trustor until the debt is paid or tendered.").

Plaintiffs do not allege that they have tendered the full amount of the mortgage nor that they are is "ready, willing and able" to do so. *Eason*, 2010 WL 1962309, at *2. As such, they cannot bring an action for quiet title. This claim is dismissed.

### F. Declaratory Relief (Claim Seven)

Plaintiffs next "request a judicial determination of the rights, obligations and interest of the parties with regard to the Property." (Compl. ¶ 100.) Defendants assert that Plaintiffs are not entitled to declaratory relief because they have stated no basis upon which relief may be granted. The Court agrees. Plaintiffs' claim for declaratory relief is dismissed.

### G. TILA and RESPA (Claims Eight, Nine, and Ten)

Plaintiffs concede that their TILA and RESPA claims are time-barred. Thus, these claims are also dismissed.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 19) is **granted**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 1st day of May, 2014.

_____
G. Murray Snow
United States District Judge

- 6 -